UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LESLIE COLLAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-cv-00362-JAW |
| | ) | |
| AROOSTOOK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Aroostook County Jail, has filed a complaint against the jail and various county officials regarding the conditions of her confinement. (Complaint, ECF No. 1.) In addition to her complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (Order, ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because she is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter unless Plaintiff amends the complaint to address the deficiencies identified herein.

## FACTUAL ALLEGATIONS

Plaintiff complains about the food at the jail (i.e., no vegetarian diet), the jail's failure to provide the necessary items for her to maintain proper hygiene, the quality of the bathroom facilities, and the lack of writing utensils and access to her lawyer.

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

The Eighth Amendment, which prohibits cruel and usual punishments, governs the jail's obligation regarding the conditions of confinement for sentenced inmates, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while individuals are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). "Conditions that might be deemed cruel and unusual if they

were permanent features of a prisoner's life, may not offend the Constitution if they are imposed only temporarily." *Cookish v. Commissioner*, *N.H. Dep't of Corr.*, 980 F.2d 721 (1st Cir. 1992).

While Plaintiff has referenced conditions that could potentially provide a basis for liability, Plaintiff has not alleged enough facts to support a claim. For instance, although the lack of a particular diet could constitute a constitutional deprivation under certain circumstances, *see McEachin v. McGuinnis*, 357 F.3d 197, 203 n. 7 (2nd Cir. 2004) (citing cases establishing that a prison must consider an inmate's religious beliefs in providing diets), Plaintiff's allegation that she is a vegetarian for "spiritual/religious reasons" lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also*, *Campbell v. Cornell Corr. of Rhode Island, Inc.*, 564 F. Supp. 2d 99, 103–04 (D.R.I. 2008) ("the dearth of facts presented thus far makes it difficult to assess the burden that preparing the "vegetarian" diet requested by Campbell would have imposed on Wyatt; the effect that doing so might have had on operation of the prison; or the extent to which the failure to provide such a diet may have impermissibly infringed on Campbell's First Amendment rights").

In addition, although unsanitary conditions of confinement can constitute cruel and unusual punishment, actionable cases have involved prolonged exposure to unsanitary conditions, which exposure at a minimum consisted of multiple days. *Hutto v. Finney,* 437 U.S. 678, 686 – 87 (1978) ("[T]he length of confinement cannot be ignored .... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or

months."); *See*, *e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (three days in proximity to human waste without adequate cleaning supplies deemed sufficient to state a non-frivolous claim); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (affirming entry of summary judgment where plaintiff was subjected to an overflowed toilet for four days). *See also Davenport v. DeRobertis,* 844 F.2d 1310, 1316 (7th Cir.1988) ("limiting inmates to one shower a week does not violate the Eighth Amendment").  As to the Plaintiff's allegations related to hygiene, other than her assertion that she was deprived of a shower for five days, Plaintiff has not alleged facts from which the Court can assess the length of any of the alleged deprivations.  Because the lack of a shower for five days does not constitute a constitutional violation and because Plaintiff has not alleged facts as to the duration of the other alleged violations, Plaintiff has not alleged a plausible claim. *Twombly,* 550 U.S. at 570.   Plaintiff's various other allegations (e.g., "no contact with lawyer'), fail for similar reasons.  Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

     Finally, to state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiff's rights.  *See Iqbal,* 556 U.S. at 78.  In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.  Plaintiff has not described any relevant conduct of the individual defendants other than Defendants King and Morrison, and the allegations

against Defendants King and Morrison are not actionable. (Attachment to Complaint at 2, ECF No. 1-1.) There are no allegations against the other unknown defendants beyond the implicit assumption and conclusory allegations that they are all responsible. Such allegations are "not entitled to the assumption of truth," *id.* at 680, and without further facts to support a plausible inference that they had the requisite knowledge or involvement, Plaintiff has not asserted an actionable claim against the individual defendants.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, unless within the fourteen-day objection period Plaintiff amends her complaint to address the deficiencies identified herein, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 21st day of December, 2022.