UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LESLIE COLLAGAN, )<br>)<br>　　　Plaintiff )<br>)<br>　　v. )<br>)<br>AROOSTOOK COUNTY JAIL, et al., )<br>)<br>　　　Defendants ) | 2:22-cv-00362-JAW |

**RECOMMENDED DECISION ON MOTION FOR SANCTIONS**

As a sanction for Plaintiff's alleged failure to comply with her discovery obligations under the Federal Rules of Civil Procedure and the Court's Order on Discovery Issue, Defendants ask the Court to dismiss Plaintiff's complaint. (Motion for Sanction of Dismissal, ECF No. 41.) Plaintiff did not file a response to the motion. After consideration of Defendants' motion and following a review of the record, I recommend the Court grant Defendants' motion and dismiss Plaintiff's complaint.

**BACKGROUND FACTS**

On September 22, 2023, after Plaintiff failed to respond to Defendants' written discovery requests, Defendants filed a request for a discovery hearing. (Request, ECF No. 39.) Upon review of the request, on September 22, 2023, the Court ordered Plaintiff to serve upon Defendants the answers to interrogatories and her responses to the document requests on or before October 16, 2023. (Order, ECF No. 40.) The Court noted that if Plaintiff failed to serve the discovery responses as directed, Plaintiff could file a motion for sanctions. (*Id.*)

# DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions against a party for failure to cooperate in discovery. A court may under certain circumstances "strike pleadings in whole or in part," or dismiss the action "in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

Federal Rule of Civil Procedure 41(b) also authorizes a court to dismiss an action for a party's failure to comply with the court's orders. In fact, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).

Dismissal as a sanction should be used cautiously. As the First Circuit explained:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

Here, Defendants served discovery requests upon Plaintiff nearly five months ago. Plaintiff has not responded to the requests. In its September 22, 2023, Order, the Court

established October 16, 2023, as a new deadline for Plaintiff to serve discovery responses. Two months after the Court's order and more than one month after the new deadline, Plaintiff has not served discovery responses. According to Defendants, Plaintiff has also failed to respond to counsel's discovery-related letter following the expiration of the new deadline. (Defendants' Motion for Sanction at 1.)

Given Plaintiff's failure to serve discovery responses, failure to comply with the Court's order, failure to communicate with Defendants' counsel, and failure to file a response to Defendants' motion for sanction,[1] dismissal is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendants' motion for sanction and dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of November, 2023.

---

[1] Pursuant to District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). Dismissal, therefore, would be warranted based solely on Plaintiff's lack of objection to Defendants' motion.