UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LESLIE COLLAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00362-JAW |
| | ) | |
| AROOSTOOK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION

On November 16, 2022, Leslie Collagan, an inmate at the Aroostook County Jail, filed suit against the Jail and several other County employees or affiliates, claiming that conditions at the Jail violated her constitutional rights. *Compl.* (ECF No. 1). On March 9, 2023, after Ms. Collagan had twice amended her complaint, the Magistrate Judge performed a preliminary review of the amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and recommended that the Court dismiss Ms. Collagan's claims except for her Eighth Amendment sanitation claim and her First Amendment and Religious Land Use and Institutionalized Persons Act free exercise claims. *Recommended Decision After Review of Pl.'s Am. Compl.* (ECF No. 20). On March 31, 2023, the Court affirmed the Magistrate Judge's recommended decision. *Order Affirming Recommended Decision* (ECF No. 21).

On June 5, 2023, the remaining Defendants answered Ms. Collagan's amended complaint. *Answer and Affirmative Defenses of Defs. Aroostook County Jail, Sheriff Shawn Gillen, and Sergeant Shanna Morrison* (ECF No. 26). On September 22, 2023, the Defendants requested a discovery hearing, explaining that Ms. Collagan had

failed to respond to their July 3, 2023 request for production of documents and interrogatories, even after the Defendants sent an additional letter requesting responses on August 30, 2023. *Req. for Hr'g Re: Disc. Dispute Pursuant to Local Rule 26(B)* (ECF No. 39). That same day, the Magistrate Judge declined to hold a hearing, ordered Ms. Collagan to respond to the Defendants' discovery requests by October 16, 2023, and warned Ms. Collagan that failing to respond could result in sanctions, including the dismissal of her claims. *Order on Disc. Issue* (ECF No. 40).

On October 24, 2023, after Ms. Collagan failed to comply with the Magistrate Judge's September 22, 2023 order, the Defendants moved to dismiss Ms. Collagan's claims pursuant to Federal Rule of Civil Procedure 37(b)(2). *Defs.' Mot. for Sanction of Dismissal* (ECF No. 41). On November 28, 2023, the Magistrate Judge recommended that the Court grant the Defendants' motion and dismiss Ms. Collagan's amended complaint due to her "failure to serve discovery responses, failure to comply with the Court's order, failure to communicate with Defendants' counsel, and failure to file a response to Defendants' motion for sanctions." *Recommended Decision on Mot. for Sanctions* (ECF No. 43). Ms. Collagan did not object to the Magistrate Judge's recommended decision.

Under Federal Rule of Civil Procedure 37(b)(2)(A), "If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Such orders include "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). The First

Circuit has cautioned that "dismissal ordinarily should be employed as a sanction only when a plaintiff's conduct is extreme." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003); *see also Richman v. Gen. Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971) ("Dismissal is a harsh sanction which should be resorted to only in extreme cases"). When considering whether dismissal is an appropriate sanction for violating an order, courts "should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Gordon*, 330 F.3d at 81.

After considering the totality of the circumstances, the Court determines that it must dismiss Ms. Collagan's amended complaint. The Defendants first sent their discovery requests to Ms. Collagan on July 3, 2023. On August 30, 2023, the Defendants mailed another letter to Ms. Collagan, asking that she respond to their discovery requests. On September 22, 2023, the Magistrate Judge ordered Ms. Collagan to respond to the discovery requests by October 16, 2023. It has now been almost six months since the Defendants first mailed their discovery requests to Ms. Collagan and, as far as the Court is aware, she still has not responded.

Further, the last communication the Court received from Ms. Collagan was on August 18, 2023, when she filed a motion to continue her deposition. *Mot. to Continue Dep. Hr'g* (ECF No. 36). Since that time, Ms. Collagan has failed to respond to the Magistrate Judge's September 22, 2023 order and the Defendants' October 24, 2023 motion to dismiss. She also did not object to the Magistrate Judge's recommended

decision.  Given Ms. Collagan's persistent failure to communicate with the Court and defense counsel, dismissal is the only appropriate sanction in this case.

Still, recognizing that dismissal is a harsh sanction, especially for someone who is incarcerated and whose silence may be explained by a practical reason that the Court is unaware of, the Court dismisses Ms. Collagan's claims without prejudice.  A dismissal without prejudice "does not bar the plaintiff from refiling the lawsuit within the limitations period."  *Dismissal*, BLACK'S LAW DICTIONARY (11th ed. 2019). Therefore, Ms. Collagan is not barred by this order from reinitiating her claims, assuming they otherwise comply with the law.  If she does so, however, she must be prepared to comply with the discovery and other orders of this Court.  To this extent, the Court is denying the Defendants' motion for sanction of dismissal as the Defendants demand in their motion that the dismissal be with prejudice.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision.

1.  It is therefore <u>ORDERED</u> that the Magistrate Judge's Recommended Decision on Motion for Sanctions (ECF No. 43) be and hereby is <u>AFFIRMED</u>.

2.  It is further <u>ORDERED</u> that the Defendants' Motion for Sanction of Dismissal be and hereby is <u>GRANTED</u> in part and <u>DENIED</u> in part.

3.  It is further <u>ORDERED</u> that Leslie Collagan's Amended Complaint (ECF No. 1 as supplemented by ECF Nos. 11 and 16) be and hereby is <u>DISMISSED WITHOUT PREJUDICE</u> pursuant to Federal Rule of Civil

Procedure 37(b)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2023